INHABITANTS OF LINNEUS *vs.* INHABITANTS OF SIDNEY.

Aroostook.    Opinion June 27, 1879.

*Pauper Supplies,—need of, application for.   Stat.* 1873, *c.* 119.

A formal adjudication by the board of overseers of the poor that a pauper has fallen into distress and stands in need of relief is not necessary.

It is sufficient if one overseer furnishes the supplies upon his own view of what is necessary and proper, provided his act is subsequently assented to or ratified by a majority of the board.

Where all, or a majority, of the board of overseers join in a notice to the town where the pauper's settlement is, stating that he had fallen into distress and was in need of immediate relief, and that such relief had been furnished by the town, this affords competent evidence of such ratification, and, in the absence of proof to the contrary, is sufficient evidence of the fact.  *Smithfield* v. *Waterville*, 64 Maine, 412, re-affirmed.

Testimony from the wife of the pauper that when " we got the supplies we were not able to get along ; that the supplies were necessary; that my husband was sick and not able to labor," and nothing appearing to the contrary, is sufficient to justify the jury in finding that the supplies were actually applied for by the paupers themselves, or that they were received with a full knowledge that they were pauper supplies.

Whether such knowledge ought not to be presumed in the absence of all evidence to the contrary, *quære.*

ON MOTION to set aside verdict, as against law, evidence, and the weight of evidence.

ACTION FOR SUPPLIES furnished by the plaintiff town to Wesley G. Daggett, Elizabeth B. Daggett, his wife, and Florence, Katy, Luther, Ida, Charles, James, Alberta and Flora Daggett, their children, on June 16, 1876, and who were alleged to have fallen into distress within the unincorporated place called Oakland,—the oldest incorporated town adjoining being said town of Linneus.

Date of writ, August 16, 1877. Plea, the general issue.

It was admitted that the necessary notices were given in proper form and at due times, and replies made by defendant town in due time, and that Linneus is the oldest incorporated town adjoining Oakland.

The facts sufficiently appear in the opinion.

*J. C. Madigan & J. P. Donworth*, for the plaintiffs.

*E. F. Pillsbury & J. B. Hutchinson*, for the defendants, cited Stat. 1873, c. 119, and claimed,

I. That there was no evidence that these were pauper supplies, and furnished as required under this statute.

II. No evidence of an adjudication or ratification by the majority of the board of overseers of the poor of Linneus, that the pauper was destitute and in need of immediate relief. The following authorities were cited: *Smithfield* v. *Waterville*, 64 Maine, 412. *Boothbay* v. *Troy*, 48 Maine, 560. *Verona* v. *Pembroke*, 56 Maine, 14. *Windsor* v. *China*, 4 Maine, 298. *Fayette* v. *Livermore*, 62 Maine, 229.

WALTON, J. This is a pauper suit, and the jury having returned a verdict for the plaintiffs, the defendants move to have the verdict set aside upon the ground that upon two points the plaintiffs' evidence is not sufficient to justify the verdict.

I. It is claimed that there is no evidence of an adjudication by a majority of the overseers of the poor that the paupers had fallen into distress and stood in need of relief. We think there is. The law does not require a formal adjudication. It is sufficient if one overseer furnishes the supplies upon his own view of what is necessary and proper, if his act is subsequently assented to or ratified by a majority of the board. And if all,

or a majority of the overseers, join in a notice to the town where the pauper's settlement is, stating that he had fallen into distress and stood in need of immediate relief, and that such relief had been furnished by the town, this, we think, is competent evidence of a ratification, and, in the absence of proof to the contrary, sufficient evidence of the fact. *Smithfield* v. *Waterville*, 64 Maine, 412. That such a notice was given in this case, was admitted at the trial. There was no evidence to control the *prima facie* force of this fact. Under these circumstances we think the jury was justified in finding that the furnishing of the supplies was ratified by at least a majority of the board.

II. It is claimed that there is no evidence that the supplies were applied for by the paupers themselves, or by any person authorized by them so to do, or that they were received with knowledge that they were pauper supplies, as required by the act of 1873, c. 119. We think there is. We think the language used by Mrs. Daggett fairly implies that the supplies were applied for by her and her husband. She says: " When we got these supplies in Oakland we were not able to get along; the supplies were necessary; my husband was sick and not able to labor." Nothing appearing to the contrary, we think this was sufficient to justify the jury in finding that the supplies were actually applied for by the paupers themselves, or that they were received with a full knowledge that they were pauper supplies. In fact, we do not feel quite clear that such knowledge ought not to be presumed in the absence of all evidence to the contrary. Certainly very slight evidence of these facts ought to be held sufficient, where there is no evidence tending to prove the contrary. There is no evidence tending to prove the contrary in this case.

*Motion overruled.*

*Judgment on the verdict.*

APPLETON, C. J., BARROWS, VIRGIN and PETERS, JJ., concurred.